**Ella Mae Clayton, Plaintiff-Appellee, v. Margaret Bellatti, Defendant-Appellant.**

**Gen. No. 10,700.**

Fourth District.

May 9, 1966.

Robinson, Foreman, Rammelkamp, Bradney & Hall, of Jacksonville, for appellant.

Schimmel & Schimmel, of Pittsfield, for appellee.

TRAPP, P. J.

Defendant appeals from a judgment entered upon the verdict of a jury in the sum of $5000. Her post-trial motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial, was denied.

Plaintiff's theory of the case is that the slowly moving automobile driven by her in a westerly direction was

struck from the rear at the time when she was intending to turn left into a private drive with her left turn signal operating, but had not yet moved from the north lane, i. e., the west bound lane of travel, across the center line into and across the south lane, i. e., the eastbound lane of travel.

It is defendant's contention that the plaintiff had executed a left turn into the driveway to the extent that her automobile was about one-half across the center lane so that the plaintiff's car was in both the west and eastbound lanes of traffic; that defendant swerved her car to the right to avoid a collision with plaintiff's car as it was in such position, so that the left front fender of defendant's car struck the left rear corner of plaintiff's.

It is defendant's theory that under the facts in evidence, the verdict was against the manifest weight of the evidence and that the plaintiff was guilty of contributory negligence as a matter of law, in that the plaintiff was making a left turn when it was not safe so to do, in violation of chap 95½, § 162 (Ill Rev Stats 1961), and that by reason of mud and dirt covering them, the signal lamps of plaintiff's car were not visible for 100 feet to the rear, in violation of chap 95½, § 206 (Ill Rev Stats 1961).

A review of the Abstract discloses that the testimony presented in behalf of the respective parties is irreconcilable, and that such evidence as is submitted through disinterested parties is ambiguous when one seeks to interpret it.

The complaint, as amended, contains no allegations which suggest that the making of a left turn over the highway was involved. In substance it is alleged that the defendant was driving too fast, contrary to the statute; that she failed to yield the right-of-way, contrary to the statute; that she failed to keep a proper lookout; and that she was following the car of the plaintiff too closely. All such allegations were denied.

369

As to the evidence relating to the making of a left turn, plaintiff testified to driving in a westerly direction to the home of her sister, and that as she approached the drive into the home, she intended to make a left turn and activated the automobile's signal for a left turn; that she saw the car approaching from the rear in the rearview mirror and did not turn from her westbound lane of travel prior to the time of the collision. The witness, Vaniter, a sister of plaintiff and riding in the right front seat, testified in practically identical terms. It appears that this witness was sitting in the front seat at such angle that she could see defendant's car approaching from the rear. These witnesses testified that the plaintiff's car was travelling at a speed of about 20 miles per hour and that defendant's car was approaching at a speed of about 45 miles per hour.

The defendant's testimony is that she was overtaking plaintiff's car while travelling at about 30 miles per hour and that as she was within two car lengths of the former it made a left turn across the center line so that it was broadside across the road; that when she observed the turning movement she swerved her car to the right and applied the brakes so that she was travelling about 5 miles per hour at the time of the impact, and the left front fender struck the left rear of plaintiff's car.

Witness Heyer, then a member of the State Police, was called to the scene of the collision. He had no recollection of debris or skid marks upon the highway indicative of the point of impact. His testimony was that the plaintiff, in discussing the collision, stated that she was:

> "Attempting a left turn into this house and she was struck from the rear,"

while the defendant had stated that she:

> "Was attempting to pass a slow moving automobile."

It appears to us that the testimony of each of the parties is contradicted by their reported statements. The witness, Fay, the partner of defendant's husband, who was called to the scene of the accident, testified that he heard the plaintiff say that she was making a left turn.

Upon the issue of the condition of the signal lamps of plaintiff's car, the plaintiff admitted that they may have been dusty; her witness, Vinyard, who had followed plaintiff in the City of Jacksonville to a place of meeting, testified that the rear of plaintiff's car looked clean; while plaintiff's brother, Ronald Evans, testified that the rear of the car, following the accident, was dusty but not muddy. The defendant, on the other hand, testified that plaintiff's car was dirty and muddy; that as she approached the car she saw no turn signal or stoplight illuminated. Witness Fay, a partner of defendant's husband, testified that he was present at a test of the signal lamps following the collision and that the right rear signal lamp was covered with dry mud and dirt (the left rear signal lamp had a broken lens but the bulb was operating for the test). The State Policeman, Heyer, testified as to a test of plaintiff's signal lamps following the collision and said that the right lamp was covered with dirt and mud, and difficult to see. He was permitted to express the opinion that it could not be seen at a distance of 30 or 40 feet.

We review the testimony as to the damage to the automobiles for the reason that the jury may have considered such evidence of physical condition in an effort to clarify the testimony as to the facts of the occurrence. It seems clear that the left stoplight or turn signal of plaintiff's car had a broken lens, but that the light bulb hung upon the wires intact and continued to operate following the collision. Plaintiff testified as to the damage to her car in the left rear and the left corner of the bumper. No photographs are in evidence. One Stevenson, a neighbor of defendant, stated that the injury to

371

plaintiff's car was basically in the rear and a little to the side, while defendant's car was damaged at the left front headlight. The witness, Fay, heretofore identified, testified that plaintiff's car appeared to be struck at the left rear corner and the taillight broken, but he recalled no damage to the quarter panel. Witness Bellatti, the husband of the defendant, testified that the taillight assembly, the left side of the rear bumper and the fender to the rear of the left rear wheel were damaged. It was his opinion that the left rear fender had been hit at an angle of 45 degrees. The defendant testified that her left front fender had been bent back against the wheel so that the tire would rub against the wheel.

Considering the facts as put into the evidence, this seems to be a case for determination by the jury, testing the credibility of the witnesses in the light of their appearance and manner of testifying, both upon direct and cross-examination. It is for the jury to reach a conclusion from this welter of testimony. It is the contention of the defendant that the plaintiff admitted, during the trial, that she had made a left turn from the west lane across the east lane prior to the time of the collision. In his argument, he refers to the question asked the plaintiff, on cross-examination, as to the location of her car with reference to the center line when it was struck, to which she answered, "It was settin' (sic) north and south on the opposite side of the road." Both the Abstract and the record disclose, however, that in questions immediately following on cross-examination, the plaintiff stated that her car was in the north lane at the time it was struck. In the same vein, counsel argue that, in closing argument, the lawyer for plaintiff admitted that plaintiff was making a left turn. We do not find that such is an accurate statement as abstracted. He stated that the plaintiff had her signal lights on and started to make the left turn but she didn't cut over

the center lane of the road, but straightened out and held the course on down the line.

■■ By reason of this record we are unable to say that there is any basis to hold that the plaintiff was guilty of contributory negligence as a matter of law, or that the verdict of the jury is contrary to the manifest weight of the evidence.

There are, however, certain rulings of the trial court, during the trial of this case, which require consideration by reason of the fact that the evidence was highly controverted, and the jury was called upon to arrive at its verdict where the evidence was close.

The plaintiff testified that just prior to the time of the collision, she looked into the rearview mirror and saw the automobile driven by the defendant approaching rapidly. By stipulation of counsel, certain questions and answers from a discovery deposition of the plaintiff were stipulated to be correct. The sum and substance of the testimony of the plaintiff on discovery was that she had never seen the defendant's car approaching from the rear and that for at least 200 feet prior to the time of the collision, she had not looked into the rear-vision mirror. The portions of plaintiff's deposition, appearing in the record, do not disclose whether plaintiff, upon discovery, had testified to making a left turn across the center line.

Such an admission would be significant if the jury were disposed to accept the testimony of the defendant. On the other hand, if the jury were to adopt the plaintiff's version of the facts immediately preceding the collision, the admission would have no particular relevance. Upon being cross-examined concerning the asking of the questions on deposition, and her answers thereto, plaintiff responded by saying that she did not remember, or that the question wasn't asked, or the answer made in the manner set forth in the transcript of the deposition. Up-

373

on redirect-examination, over objection of defendant, plaintiff's counsel was permitted to ask, "Alright, as to the best of your recollection, is what you have testified to at your pretrial discovery deposition the same as you testified here today?", to which the witness was permitted to reply, "Yes."

■ Where a witness has been shown to have made a statement contradictory to the testimony, it is proper on redirect to give the witness an opportunity to state the facts which will explain or reconcile the statements, or to show the meaning of the statement which appears to contradict her testimony. Schmitt v. Chicago Transit Authority, 34 Ill App2d 67, 179 NE2d 838; Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 132 NE2d 801.

On the contrary, it is not proper, on redirect-examination, to rehabilitate the witness by simply having a reaffirmation of the testimony given on direct-examination, or simply asking the witness to state that the testimony at the trial was true without explanation of the contradictory testimony. Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 132 NE2d 801; People v. Hicks, 28 Ill2d 457 at p 462, 192 NE2d 891.

■ A further error which requires consideration under the facts of this case is that at the trial, State Trooper Heyer was asked, on cross-examination, as to whether or not he had issued an arrest ticket to the plaintiff, and he answered that he had not. No objection was made to such question, or answer. During the course of plaintiff's argument, plaintiff's counsel argues that he was going, "A little bit further in the damages because I feel that Mrs. Clayton, here, through no fault of her own," and then referred to the fact that the Trooper had examined the accident and had not issued an arrest ticket. This argument also referred to a City policeman who was at the scene but was not called as a witness, and it was inferred that he had not seen fit to issue an arrest ticket

374

against the plaintiff. Counsel continued as set out in the Abstract:

"Now I am going to leave you with that thought on the ticket proposition. I am not going any further on it."

As to this argument, objection was made, and over-ruled by the court on the ground that the evidence was in the record.

■ Such argument is, of course, completely irrelevant to the issues of the case and is not proper, particularly having in mind the argument concerning the City policeman who was not a witness in the case. Where there is a sharp conflict of testimony upon the issues of the case, it is important to prevent the improper conduct of counsel. Rudolph v. City of Chicago, 2 Ill App2d 370, 119 NE2d 528. It does not appear to us that the absence of objection to the testimony of Heyer makes the argument proper.

Where the jury is called upon to consider evidence of the character and quality found in this case, and the testimony is in complete conflict, it appears that the errors last described are prejudicial to the degree that the cause should be reversed and the case remanded for a new trial.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.