DENNIS MORGAN, a Minor, by His Father and Next Friend, THEO-DORE MORGAN, JR., Plaintiff-Appellant, *v.* JUANITA ROGERS, Defendant-Appellee.

(No. 60619;

First District (4th Division)—June 25, 1975.

Rotman and Elovitz, of Chicago (Alan M. Katz, of counsel), for appellant.

Garbutt & Jacobson, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an action commenced on behalf of a minor, 6 years of age, for damages resulting from his being struck by an automobile driven by the defendant. A stipulation was entered into by the parties on February 13, 1974, to submit the cause to a jury on the issue of liability only, and in the event the jury found the defendant to be liable, a stipulated sum of money was agreed to as and for damages. After trial, the jury returned a verdict for the defendant and against the plaintiff and judgment was entered on the verdict. A motion to vacate and set aside the verdict and judgment and to grant a new trial was denied and plaintiff appeals.

The sole issue is whether the minor plaintiff received a fair trial. The plaintiff contends that the cumulative effect of improper examination by defense counsel of a police officer who investigated the accident and improper argument to the jury by defense counsel constitutes reversible error. The defendant maintains that if there was any error committed, it was harmless and not prejudicial. The question for us then is whether the jury was improperly influenced by the complained of conduct. After a careful examination of the record we are in accord with the plaintiff that he was prejudiced by error committed during trial and that we must reverse the judgment and remand the cause for a new trial.

Our disposition of the issue presented makes it necessary to detail only certain of the facts in the record. On the afternoon of June 2, 1968, the plaintiff, Dennis Morgan, then age 6, was crossing approximately midblock on South Vernon Street between 38th and 39th Streets in Chicago. Vernon is a narrow, one-way street northbound. The plaintiff and another boy, both of whom testified at trial, left plaintiff's aunt's house to go to a park located on the other side of Vernon Street. The boys were running. The defendant, Juanita Rogers, who also testified, was driving the car of a friend, who was also in the car, northbound on Vernon. She had been driving for about 6 months. Her friend had shown her how to drive when she left the house. She had asked her friend to come along because her friend had a driver's license and she did not. She had a driving permit, and therefore needed to have a licensed driver in the car with her. In a deposition she had been asked: "Was she [her friend] teaching you how to drive just at the time this accident happened?" She had responded: "No, she wasn't. Yes, she was teaching me how to drive; she was in there showing me how." She testified that she did not see the boy before the occurrence.

During the trial it appeared that defense counsel was going to present as a witness a police officer who came to the scene after the boy had been struck. Counsel for the plaintiff thereupon made a motion outside the presence of the jury that defense counsel be restricted in questioning the

police officer and allowed to inquire only into the latter's own observations, and not about any conversations he had with others present at the scene, which would be hearsay. The motion was granted.

Thomas Murray was the police officer presented as a defense witness. He investigated the accident. In answer to a question by defense counsel he said: "I proceeded to make my investigation as to the cause and talked to the people who stated—," and an objection was then made by counsel for plaintiff to any conversation and it was sustained. The following then ensued:

"Q. [by Defense Counsel] Officer, when you arrived at the scene of the accident, did you make your own independent investigation?

A. Yes, sir.

Q. When you arrived at the scene of the accident, was the vehicle involved still in the same place it was at the time of the accident?

A. Yes, sir.

[Plaintiff's Counsel]: I am going to object as to whether he had—

THE COURT: Objection will be sustained. The answer will be stricken; the jury will be instructed to disregard it."

The officer then began to describe the location of the defendant's vehicle when he arrived. Then the following occurred:

"Q. [by DEFENSE COUNSEL] Now when you did see the car in the street, did you make a notation as to its location when you arrived with relation to the parked cars?

A. Yes, sir.

Q. Did you put that on your report?

A. It's on a report, sir.

Q. Now Officer, when you arrived at the scene of the accident, did you from your independent investigation determine where this accident took place?

A. Yes.

[PLAINTIFF'S COUNSEL]: I am going to object.

THE COURT: Objection sustained.

[DEFENSE COUNSEL]: I'd like a hearing on this, your Honor.

THE COURT: All right."

A discussion was thereupon had in chambers and defense counsel was directed by the court not to ask the officer's conclusions since he did not see the accident. The court felt that to have him tell the jury how the accident happened would be "highly improper."

When proceedings resumed before the jury, the police officer further

related the position of the defendant's vehicle when he arrived and described the area. He was asked if he noted in his report the address of the building in front of which he found the vehicle. The following colloquy then ensued:

"Q. [by DEFENSE COUNSEL] Officer, when you arrived at the scene of the accident, is it your duty to determine if someone was injured?

A. Yes.

Q. And in determining if someone was injured, you asked questions of possible witnesses?

A. That's correct, sir.

Q. And you also asked questions of the driver of the striking vehicle?

A. That's correct, sir.

Q. And did you ask questions of bystanders, possible witnesses, and the driver of this vehicle?

[PLAINTIFF'S COUNSEL]: I'd like to object.

THE COURT: The objection will be overruled.

[DEFENSE COUNSEL]: Now I am not going to ask you what they said, Officer,—did you ask them as to how they thought this accident—

[PLAINTIFF'S COUNSEL]: I am going to object; I'd like to be heard.

THE COURT: He has already testified, counsel, that he asked questions of different people around the area.

[DEFENSE COUNSEL]: Well,—

THE COURT: What's the purpose of this last question?

[PLAINTIFF'S COUNSEL]: Your Honor, before he even tells us the purpose—I wouldn't even want the jury [to] hear it.

THE COURT: I will sustain the objection. Put another question.

[DEFENSE COUNSEL]: How do you determine—how do you make out the report, Officer?

[PLAINTIFF'S COUNSEL]: I am going to object. It's immaterial.

THE COURT: As to how he makes the report. The objection is sustained.

[DEFENSE COUNSEL]: Well, he said—

[PLAINTIFF'S COUNSEL]: One more thing, your Honor. The report's right over there in front of those witnesses.

THE COURT: In front of the jurors, you mean.

[PLAINTIFF'S COUNSEL]: In front of the jurors, excuse me. I think that's improper and counsel knows better.

[DEFENSE COUNSEL]: I have no intention—

[PLAINTIFF'S COUNSEL]: We have been meeting like this since 1967.

THE COURT: All right. Counsel will keep the report in his hands.

[DEFENSE COUNSEL]: Q. Officer, besides making your notations of physical evidence you find at the scene, what other things do you do in investigating the accident?

[PLAINTIFF'S COUNSEL]: I am going to object.

THE COURT: What did he do in this case?

[DEFENSE COUNSEL]: Q. What did you do in this case?

A. Make out the accident report, sir, mainly from the position of the car and what the people had told me what happened.

[PLAINTIFF'S COUNSEL]: Objection; move that that answer be stricken.

[DEFENSE COUNSEL]: I don't see any grounds.

THE COURT: Objection overruled. The next question.

[DEFENSE COUNSEL]: Q. Officer, after you completed your investigation with regard to this accident, did you summarize your findings on this report?

A. I did the report as I was going along, sir. [PLAINTIFF'S COUNSEL]: I am going to object. Now this jury might be interested in some sort of summary. I think it's an improper question. We went through—I made a motion; your Honor ruled on it. Already counsel is attempting to get something that is not admissible in evidence."

■■ The actual admission of a police accident report as substantive evidence would generally be error. It normally may contain hearsay statements and the police officer's conclusions based on them. (*Paliokaitis v. Checker Taxi Co.*, 324 Ill.App. 21, 57 N.E.2d 216.) While defense counsel did not offer the police report here into evidence, and although he conceded it would be improper to do so, he nevertheless took unfair advantage of a minor plaintiff by repeatedly attempting to place the contents contained therein before the jury during his examination of the police officer. This appears even though the court had granted plaintiff's attorney's motion, made *in limine*, before the officer took the stand, and outside the presence of the jury, and had ordered the defense attorney to limit examination of the police officer to his own physical observations.

The continued efforts of defense counsel to improperly introduce contents of the police report required plaintiff's counsel to make numerous objections before the jury—the very thing the latter sought to obviate

with his motion *in limine*. There exists a real danger that the jury was led to believe by defense counsel's persistent questions, that in the opinion of the officer, perhaps contained in the report, the defendant was not at fault. Defense counsel attempted to show by his questions that the officer questioned witnesses and bystanders as to how the accident occurred. These questions, coupled with plaintiff's counsel's objections, would necessarily create in the jurors' minds the impression that plaintiff's counsel was objecting to the introduction of evidence that they should be aware of and that he was thus attempting to conceal information from them. Such conduct by defense counsel is wholly indefensible, not in good faith, and in our judgment placed plaintiff and his counsel in an unfair position before the jury. (See *Kelly v. Chicago Transit Authority*, 69 Ill. App.2d 316, 217 N.E.2d 560.) Similar conduct has been held on many occasions to be error. (See *Geisberger v. Quincy*, 3 Ill.App.3d 437, 278 N.E.2d 404, and cases cited therein.) Furthermore, as stated in *Geisberger*, the officer should be allowed to express an opinion as to the place of impact only under special circumstances, which are not present in the instant case. The police officer's testimony was properly restricted by the judge's order and rulings to his own factual findings upon arrival at the scene. See also *Plank v. Holman*, 46 Ill.2d 465, 264 N.E.2d 12; *Miller v. Pillsbury Co.* 33 Ill.2d 514, 211 N.E.2d 733.

■■ We need not determine whether the above would be sufficient standing alone to warrant a new trial, for we also find a portion of defense counsel's closing argument to the jury improper, and the cumulative prejudicial effect of both indiscretions compel us to reverse.

In his closing argument, defense counsel told the jury that the plaintiff had the burden of proof as to "whether the defendant, Mrs. Rogers, was negligent and whether the plaintiff, Dennis Morgan, was free from contributory negligence." The following colloquy then occurred:

> "[PLAINTIFF'S COUNSEL]: Objection. Pardon me; I am going to object. They don't have that burden to prove that he was free from contributory—I don't believe that is not—
>
> THE COURT: That is not the law, counsel. The jury—
>
> [DEFENSE COUNSEL]: Your Honor, if counsel would give me a chance to explain.
>
> THE COURT: What you said is not the law; you may proceed.
>
> [DEFENSE COUNSEL]: I didn't state the law, your Honor. The law protects an individual under seven years old; he cannot be contributorily negligent, that is the law. We admit that is; we didn't do anything about that. That is a fact that we have to live with as defendants.

THE COURT: Counsel, that remark is improper that you have to live with it. That is the law everyone is bound to follow. Your remark will be stricken. Proceed.

[DEFENSE COUNSEL]: This is the law: the defendant has to be found guilty of some negligence, and of course, the plaintiff cannot be guilty of negligence. * * *."

The remarks of defense counsel that the plaintiff, who was 6 years old when he was struck and injured, had the burden of proving he was free from contributory negligence was without dispute improper and could hardly have been unintentional. The further remark at one point that he admits that a child 6 years old cannot be contributorily negligent and "that is a fact that we have to live with" was at best a grudging retraction and, as recognized by the trial court, improper. In our view it compounded his error in misstating the law.

For the reasons stated the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.