ROBERT J. WIEBUSCH, d/b/a Quality Coach Works, Plaintiff-Appellee, *v.* ALAN TAYLOR, Defendant-Appellant.

First District (5th Division)    No. 80-1011

Opinion filed May 29, 1981.—Rehearing denied July 8, 1981.

James A. Gately, of Chicago, for appellant.

Dillon & Nash, of Chicago (David C. Dillon and Michael D. Fine, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, judgment was entered for plaintiff in his action seeking payment for work performed in the repair and restoration of an automobile. On appeal, defendant asserts that the trial court erred in a number of its rulings. We will consider only one, as our ruling on it will be dispositive of this appeal. That issue is whether the trial court abused its discretion in barring defendant from presenting any evidence pertaining to the quality of plaintiff's work on the automobile in question due to defendant's refusal to comply with a pretrial order directing him to produce the car.

Plaintiff's verified complaint generally alleges that he agreed to and did repair and restore a 1973 Corvette Classic automobile at the request of defendant, who represented himself to be the owner and possessor of it. In his verified answer, defendant admitted requesting plaintiff to repair and restore the vehicle, but he denied representing himself as being the owner and possessor thereof. Defendant set forth a number of affirmative defenses, pertinent of which is that plaintiff's performance was incomplete and inferior in certain respects.

From the pleadings of record, it appears that after plaintiff made a request under Supreme Court Rule 214 (Ill. Rev. Stat. 1979, ch. 110A, par. 214) that defendant produce the vehicle in question for inspection and photographing, defendant filed an objection in which he stated that the car was not under his control; that it was owned by Mrs. Susan A. Bachman, of Wisconsin; and that before plaintiff began working on the vehicle, he knew she was the owner. In a reply filed to that objection, plaintiff asserted, in pertinent part, that photographing was essential because of certain denials in defendant's answer and the allegations in one of his affirmative defenses that the work was incomplete and inferior; and

that "defendant was in immediate, actual possession and control for some time prior to and immediately after repair and restoration was completed." The trial court ordered defendant to produce the vehicle at plaintiff's place of business "or be precluded from introducing any evidence pertaining to the quality of alleged repairs, and that the pleadings of the Defendant pertaining to the quality of said repairs shall be stricken accordingly should he fail to produce said auto."

The record contains no verbatim transcript of the trial proceedings, but it does include a certified report of proceedings approved and certified by the trial court pursuant to Supreme Court Rule 323(c). (Ill. Rev. Stat. 1979, ch. 110A, par. 323(c).) In that report, the court stated:

> "[T]he Defendant was not allowed by the trial court to introduce any evidence of allegations pertaining to the quality of the work, due to a pre-trial order directing that he produce the car pursuant to plaintiff's discovery (for inspection and photographing by expert witnesses) or be barred from introducing any evidence pertaining to the quality or extent of the work."

The trial court also stated in the report of proceedings that defendant testified the vehicle belonged to his sister and that he was unable to produce the car because his sister had removed it to the State of Wisconsin and that plaintiff, in his testimony, confirmed that the automobile did belong to defendant's sister.

OPINION

We turn our attention to defendant's argument that the judgment should be reversed because the trial court improperly barred him from introducing any evidence pertaining to the quality of the work performed by plaintiff. Initially, it should be noted that defendant in his answer admitted requesting plaintiff to do work on the vehicle in question, but he asserted in his affirmative defense that plaintiff's performance was incomplete and inferior. Thus, defendant argues in substance that the action of the trial court, in barring defendant from introducing any evidence pertaining to the quality or extent of the work, had the effect of preventing defendant from asserting his principal defense to the claim of plaintiff.

Supreme Court Rule 214 governs the procedure for the discovery of documents, objects and tangible things and provides in relevant part:

> "Any party may by written request direct any other party to produce for inspection, copying, reproduction, [and] photographing * * * specified documents, objects or tangible things, * * * whenever the nature, contents, or condition of such documents, objects, [or] tangible things * * * is relevant to the subject matter

of the action. * * * A party served with the written request shall (1) comply with the request within the time specified, or (2) serve upon the party so requesting written objections on the ground that the request is improper in whole or in part. * * * If the party claims that the item is not in his possession or control or that he does not have information calculated to lead to the discovery of its whereabouts, he may be ordered to submit to examination in open court or by deposition regarding such claim." Ill. Rev. Stat. 1979, ch. 110A, par. 214.

To blunt the resistance of a party to the court's discovery order, certain powerful sanctions can be imposed in accordance with Supreme Court Rule 219(c), which provides in relevant part:

"If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

* * *

(iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue." (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)(iii).)

Thus, the trial court may foreclose a party from advancing a defense concerning which discovery has been resisted by prohibiting that party from introducing evidence relevant to that defense.

The general principles whereby sanctions can be imposed for refusal to comply with discovery orders are well established. In *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 1027-28, 398 N.E.2d 24, 26, the court stated:

"An unreasonable failure of a party to comply with the rules and orders of discovery may result in the imposition of sanctions by the trial court. [Citations.] Supreme Court Rule 219(c) [Citation] provides a nonexclusive list of sanctions for noncompliance, ranging from a mere stay in the proceedings to the dismissal of the offending party's cause of action. The imposition of such sanctions is a matter which rests largely within the discretion of the trial court. [Citations.] However, in determining which orders or sanctions to impose under Supreme Court Rule 219(c), the trial court must seek not to impose punishment but rather to accomplish the object of discovery. [Citations.] Sanctions are to be imposed only when the noncompliance is unreasonable, and the order entered

must be just. [Citations.] A just order is one which, to the degree possible, insures both discovery and trial on the merits. [Citations.]"

■■ In addition to the above-stated principles and crucial to our determination here, the courts of this State have held that a party cannot be compelled to produce that which is not within his custody, possession or control. In *Mendelson v. Feingold* (1979), 69 Ill. App. 3d 227, 387 N.E.2d 363, plaintiffs were initially ordered to engage a medical expert, submit to his examination, and present his report to defendant. Later, after the case was dismissed, the order was enlarged to require that as a condition of reinstating the case, plaintiffs submit a detailed medical report concerning the doctor's expected testimony and his opinion as to defendant's negligence. The court found no basis upon which a party could be ordered to produce something which did not exist or was not in his possession or control and, therefore, the party's refusal to comply with such order was not subject to sanctions under Supreme Court Rule 219(c). Similarly, in *City Savings Association v. Mensik* (1970), 124 Ill. App. 2d 34, 260 N.E.2d 110, defendants claimed they did not have possession and control of the books and records of certain corporations, and no evidence was presented to the contrary. The court held that defendants could not be found guilty of wilful contempt of court and imprisoned for failing to produce the books and records for inspections when ordered to do so by the trial court, and for sending the books out of the jurisdiction of the court. In *Mensik*, the court stated the rule upon which we rely in the present case:

"It is a rule of universal application that a party who does not have possession and control of documents cannot be ordered to produce them for discovery." 124 Ill. App. 2d 34, 42, 260 N.E.2d 110, 114.

■■ Here, plaintiff made a written request that the automobile in question be produced by defendant, who in his objection thereto stated that he could not produce the vehicle because it was not under his control and that it belonged to his sister, Mrs. Bachman, who had removed it to Wisconsin where she resided. In the certified report of proceedings, the trial court stated that defendant testified in like manner, and plaintiff has referred us to nothing in the record negating defendant's assertion that he had no control over the car. Although plaintiff asserted that defendant had possession and control of the car for several months, in his verified reply plaintiff ackowledged that defendant's sister was the owner and that when it was delivered to him for repairs, it had Wisconsin license plates. The trial court further stated in the report of proceedings that plaintiff so testified. Thus, the record reveals only that defendant brought the car in for repairs but does not disclose that he owned or controlled it.

We think it clear, therefore, that defendant did not have custody, possession or control of the automobile in question. Under those circumstances, defendant's failure to comply with the order was not unreasonable, and the order of the trial court barring defendant from presenting evidence of the quality of plaintiff's workmanship was unwarranted, as that order effectively precluded defendant from asserting his principal defense.

For the reasons stated, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with the content of this opinion.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.