DAVID MYKYTIUK, a Minor, by his Father and Next Friend, Stephen Mykytiuk, Plaintiff-Appellee, v. RAYMOND D. STAMM *et al.*, Defendants-Appellants.

First District (3rd Division) No. 1—89—1088

Opinion filed April 11, 1990.

Roderick J. Bergin, of Chicago (John R. Fearon, of counsel), for appellants.

Alfred D. Stavros, of Wheeling, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff David Mykytiuk, a minor, by his father and next friend, Stephen Mykytiuk, sued defendants, Raymond D. Stamm and Acco International, Inc. (Acco), for personal injuries sustained when plaintiff was struck by a car driven by Stamm and leased by Acco, Stamm's employer. A jury trial resulted in a verdict for defendants. Plaintiff moved for and was granted·a new trial by the trial court. Defendants appeal.

Plaintiff lived with his family in Wheeling, Illinois, on October 21, 1985, the day he was struck by defendants' car. Hintz Road, a two-lane, east-west road ran past the Mykytiuk home, which was on the north side of the road. Plaintiff was five years old on October 21, 1985. His brother, Billy, was then 10 years old. Plaintiff's theory of the case was that he was struck by defendants' car while he and Billy were attempting to cross Hintz Road to await their school bus on the south side of the Road. Plaintiff further sought to prove that defendant Stamm had had a clear and unobstructed view as he travelled west down Hintz Road but failed to take any steps to avoid striking plaintiff, such as slowing down, applying his brakes, or moving into the eastbound traffic lane of Hintz Road. Plaintiff further sought to prove that he was struck in the right leg by the right front bumper of defendants' car while attempting to return to the north side of Hintz Road after being warned by Billy of the approach of defendants' car. Plaintiff attempted to prove the foregoing facts largely through Billy's testimony. He also sought to corroborate Billy's testimony as to the manner in which he was struck by defendants' car through testimony of his treating physician.

Plaintiff called defendant Stamm as an adverse witness. During that examination, defendant Stamm testified that he noticed the Cook County sheriff's police officer who investigated the accident at the scene take something from the right rear door of defendants' car. He further testified that when he asked the officer what he was doing, the officer told him that he was taking hairs from where plaintiff had run into the side of the car. Finally, plaintiff testified that he did not see the hairs recovered by the officer.

Defendants, on the other hand, sought to prove that defendant Stamm had no reason to take any steps to avoid striking plaintiff be-

cause, when he first saw plaintiff and his brother, they were 8 to 10 feet from the side of Hintz Road. They further sought to prove that, as defendant Stamm approached the boys, he noticed plaintiff in a crouched position as if the boys were playing football and that plaintiff ran out onto Hintz Road as defendant Stamm came parallel to him and his brother after the latter gave plaintiff some kind of "hike" or "go" signal. Finally, defendants sought to prove that, upon running out onto the roadway, plaintiff struck the right rear passenger door of defendants' car.

Defendants called Cook County sheriff's police officer Norman Levin, who had investigated the accident at the scene. Levin testified that, upon examining defendants' car, he found a clean spot on the right side of defendants' otherwise dirty car. He also testified that he found hair fibers stuck to the car's chrome moulding, about 30 inches from the ground. Levin further testified that he removed the fibers and put them in an envelope which he kept in a briefcase in his squad car. When asked by defense counsel where the envelope was, Levin stated that he had it in his pocket. When defense counsel then asked Levin to take the envelope from his pocket, plaintiff's counsel objected.

In a sidebar conference, plaintiff's counsel argued that defendants had not disclosed the hair fiber evidence prior to trial although plaintiff had filed a request to produce in April 1987. Defense counsel claimed that he did not learn of the existence of the evidence until August 1987 through the deposition testimony of defendant Stamm. Based on its belief in the existence of a continuing duty to disclose evidence sought in discovery, the trial court ruled the hair fiber evidence inadmissible and barred any further discussion about it. Although plaintiff's counsel requested an instruction to the jury to disregard any reference to the hairs or the envelope, the trial court merely informed the jury that plaintiff's objection to any discussion about the hairs was sustained. The next day, after an offer of proof by defendants as to Officer Levin's testimony with regard to the hair fibers, the trial court stated that, had defendants been allowed to offer the envelope containing the hair fibers into evidence, it would have ruled it inadmissible for lack of foundation.

After the jury verdict for defendant, plaintiff moved for a new trial on two grounds. He first argued that defendants had committed prejudicial error in attempting to introduce, without proper foundation, the envelope containing the hairs which Officer Levin had allegedly removed from the right rear passenger door of defendants' car. He also argued that defendants committed prejudicial error in assert-

ing, in their opening statement, that they would adduce "rock-solid" evidence that plaintiff hit the side of defendants' car rather than the front of it. Plaintiff asserted that defense counsel knew that that evidence, *i.e.*, the hair fibers, would be inadmissible due to the lack of a proper foundation and due to the failure to disclose it during discovery.

Notwithstanding the grounds relied upon by plaintiff, the trial court granted plaintiff's motion based, in part, on its finding that the jury "could not do otherwise" than believe the version of the accident testified to by Billy because he was incapable of lying. However, the trial court expressed greater concern with what it believed to be the jury's disregard of the instruction on a driver's statutory duty of car to avoid colliding with a pedestrian. In that regard, the trial court noted Stamm's testimony that: the weather on October 21, 1985, was clear and dry; he had an unobstructed view of the roadway; he could not figure out what the boys were doing; he did not blow his horn; he made no eye contact with the boys; he did not apply his brakes; and he did not slow down. From that testimony, the trial court concluded that defendant Stamm, although having 100 yards of a perfectly clear view of plaintiff and his brother, did nothing to warn them of his presence. As a result, the trial court found that the verdict was against the manifest weight of the evidence and that the jury had not followed the law. Finally, the court also stated, "I am sure that the envelope dramatically produced by the officer was part of the basis for [the jury's] decision, but I am not making that the basis for my decision."

Opinion

On appeal, defendants principally contend that, in granting plaintiff a new trial, the trial court improperly substituted its judgment on the credibility of the witnesses for that of the jury. By way of reverse inference, defendants also assert that the trial court's erroneous rulings against them on several other issues during the trial reveal that defendants received an unfair trial and, *ergo*, that plaintiffs received a fair trial. However, we find no need to address these issues.

■ As a basis for the latter argument, defendants note that on appeal from an order granting a new trial, all other rulings of the trial court are subject to review. (*Bergen v. Shah-Mirany* (1980), 83 Ill. App. 3d 752, 404 N.E.2d 863; *Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477.) What defendants ignore, however, is that in determining the propriety of a grant of a new trial, the reasons given by the trial court for its ruling are immaterial, a reviewing court is not limited by the trial court's reasoning and the trial court's ruling can be sustained on all the grounds urged in the

lower court in support of the motion, even though the court did not state all of those grounds as a basis of its action. (*DiMaso v. Wieboldt Stores, Inc.* (1976), 37 Ill. App. 3d 966, 347 N.E.2d 466 (and cases cited therein).) In short, the impropriety of the trial court's reasoning in granting a new trial is of no importance if the ruling itself is correct. *Doerr v. Palm* (1971), 1 Ill. App. 3d 902, 274 N.E.2d 889.

■ In view of the foregoing rules, we find fatal to their appeal defendants' failure to address, to any material extent before this court, the limited grounds upon which plaintiff relied in moving for a new trial below and upon which he seeks to sustain that ruling on appeal. Defendants fail to cite any authority to support their assertion on appeal that the trial court improperly excluded the hair fiber evidence which they sought to introduce through the testimony of Officer Levin. On the basis of that failure alone, we could decline to address the issue. (See *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267.) Moreover, even if we were to consider the more extensive arguments defendants made below and the authority which they cited in support thereof in contesting the motion for new trial, we would ultimately find the hair fiber evidence inadmissible and that defendants' attempt to introduce that evidence so prejudiced plaintiff that he was entitled to a new trial on that basis alone.

Initially, however, we cannot agree with plaintiff or the trial court that the hair fiber evidence was inadmissible because of defendants' failure to disclose it during discovery.

■ Plaintiff asserts that his discovery requests, generally, and a request to produce all physical evidence propounded in April 1987, specifically, obligated defendants to reveal the hair fiber evidence. In contesting the exclusion of the hair fiber evidence at trial, defendants explained to the trial court that their failure to produce that evidence prior to trial resulted from the fact that their attorney did not learn that Officer Levin had the hair fibers until defendant Stamm's deposition testimony in August 1987. Defendants thus noted that a party has no duty to supplement his answer to an interrogatory which was complete when made absent a timely supplemental interrogatory. *Rogers v. Chicago & North Western Transportation Co.* (1978), 59 Ill. App. 3d 911, 375 N.E.2d 952.

■ Defendants' reliance on defense counsel's lack of knowledge of the hair fiber evidence ignores the rule that discovery is not limited to matters within the knowledge of the attorney who represents a party but is addressed to the party himself, on whose behalf the attorney acts merely as agent in such matters. (See *Drehle v. Fleming* (1971), 49 Ill. 2d 293, 297, 274 N.E.2d 53.) As such, and since defendant

Stamm knew of the hair fiber evidence from the date of the accident, defendants had a duty to disclose and/or to produce that evidence if its disclosure or production was sought in discovery. However, we conclude that it was not.

■■ None of the written interrogatories to defendants included in the record on appeal can be reasonably construed as requesting the disclosure of such physical evidence. Moreover, while it is not part of the record on appeal, we conclude that plaintiff's request to produce failed to request the production of the hair fibers. As quoted by the trial court, that request merely sought all demonstrative evidence, *i.e.*, photographs, diagrams, *etc.*, "of the occurrence, the scene of the occurrence, any vehicles, machinery or objects involved in the occurrence, or of the plaintiff's injuries." The foregoing language cannot be reasonably construed as requesting the production of the vehicle, machinery or objects *themselves* which were involved in the accident. The same conclusion applies to the further request quoted at trial for "[a]ll data as to the physical and mental condition of the plaintiff prior to the occurrence including intra-injuries [*sic*] sustained in the accident."

■■ In the absence of a discovery request which could reasonably be construed as calling for the disclosure of the existence or the production of the hair fiber evidence, the trial court erred in sustaining plaintiff's objection on the ground of nondisclosure.

Defendants further contested the exclusion of the hair fiber evidence on the basis of defendant Stamm's testimony as to its existence in August 1987. Defendants argued that, inasmuch as plaintiff knew of the identity of Officer Levin, by virtue of being in possession of the accident report he filed, the onus for failing to obtain that evidence should fall upon him. We agree.

■■ At his deposition, defendant Stamm testified that Officer Levin pulled some blond hairs out of the chrome stripping from the back door of defendants' car and placed them in an envelope. We find this testimony sufficient to have put plaintiff on notice of the existence or possible existence of the hair fiber evidence and, given that defendants had not theretofore produced it, of the likelihood of its possession by Officer Levin. The evidence was as accessible to plaintiff as it was to defendants. In this regard, we note that there is no obligation upon a party to produce evidence which is not in his custody, possession or control but in that of a third person. *Wiebusch v. Taylor* (1981), 97 Ill. App. 3d 210, 422 N.E.2d 875; *City Savings Association v. Mensik* (1970), 124 Ill. App. 2d 34, 260 N.E.2d 110.

Notwithstanding the foregoing, we do agree with plaintiff and the trial court that the hair fiber evidence was inadmissible due to a lack

of proper foundation.

In moving for a new trial, plaintiff also argued that the evidence lacked a proper foundation. The foundation was lacking in that defense counsel had failed to have the fibers analyzed to determine whether they were, in fact, human hairs. If the collected fibers were human hairs, it was incumbent upon defense counsel to establish that they were plaintiff's. Defendants made no response to this argument in their written response to the motion for new trial. At the hearing on the motion, they argued, as they did at trial when plaintiff objected to defendants' attempt to introduce the evidence, that their failure to have tested the contents of the envelope, in Officer Levin's possession, was a matter for cross-examination by plaintiff. We cannot agree.

We believe that before evidence, such as the purported hair fibers which defendants sought to introduce here, may be properly introduced before a jury, the party seeking its introduction must provide some basis from which it could properly be concluded that the evidence is more probably than not what it is purported to be. That is especially so where, as here, the opponent has established a possibility that the evidence is not what the offering party purports it to be. Defendant Stamm admitted under plaintiff's questioning that he owned a dog. The possibility thus existed that the fibers collected by Officer Levin were not human hairs. Absent defendants' elimination of that possibility to any extent, the hair fiber evidence was properly excluded. Its prejudicial effect would have far outweighed its probative value for any evidentiary inferences that could have been validly drawn therefrom. See *Deerhake v. Du Quoin State Fair Association, Inc.* (1989), 185 Ill. App. 3d 374, 541 N.E.2d 719; *Chambers v. Rush-Presbyterian-St. Luke's Medical Center* (1987), 155 Ill. App. 3d 458, 508 N.E.2d 426; *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 911, 469 N.E.2d 708.

In this regard, we disagree with defendants that the origin of the hair fibers collected from defendants' car could have been properly left to the jury. Absent any evidentiary basis upon which to determine that the hair fibers were more probably human than not human, any such determination by the jury would have been the result of mere speculation and conjecture.

We also disagree with defendants that plaintiff opened the door to admission of the envelope containing the hair fibers by questioning defendant Stamm. At most, plaintiff opened the door to testimony by Officer Levin as to his collection of the purported hair fibers from defendants' car. Absent a proper foundation, plaintiff did not open the door to the admission of the hair fibers themselves. In this

respect, the trial court's action in barring any further discussion of the hair fibers, rather than merely their admission, may have been too broad. However, it did not prejudice defendants. By the point at which plaintiff objected to the admission of the hair fibers, defendants' theory of the case had been corroborated by defendant Stamm's testimony and that of Officer Levin. Defendants did not, through their testimony, have the right to the admission of the physical hair fiber evidence itself, absent a proper foundation therefor.

Finally, the question remains whether defendants' mere attempt to introduce this evidence warranted a new trial.

■■■ ■ As a general rule, improper argument or misconduct of counsel is a sufficient basis for an award of a new trial. (*Bisset v. Village of Lemont* (1983), 119 Ill. App. 3d 863, 457 N.E.2d 138.) Where, as here, there is a sharp conflict in the evidence, it becomes all the more important to prevent misconduct by counsel. (See *Clayton v. Bellatti* (1966), 70 Ill. App. 2d 367, 375, 216 N.E.2d 686; *Rudolph v. City of Chicago* (1954), 2 Ill. App. 2d 370, 377, 119 N.E.2d 528.) The testimony of defendant Stamm and plaintiff's brother made this a close case factually; therefore, there was a substantial likelihood that defendants' improper attempt to introduce the physical hair fiber evidence would unduly influence the jury. This likelihood was significantly increased by the necessity which plaintiff found to object to that attempt by defendants. The exclusion of this evidence very likely created in the jurors' minds the impression that plaintiff succeeded in keeping from them evidence which they should have heard. (See *Morgan v. Rogers* (1975), 30 Ill. App. 3d 346, 350-51, 332 N.E.2d 476.) The prejudice to plaintiff from the conduct of defendant's counsel was manifest and irremediable. In this regard, our conclusion that defendant was entitled to elicit testimonial evidence regarding the hair fibers necessitates the further conclusion that plaintiff was not entitled to a jury instruction to disregard all references thereto, contrary to his assertion below and on appeal. However, we cannot conclude from that fact, alone, that any prejudice to plaintiff by defendants' inchoate attempt to introduce the envelope was so *de minimis* that it does not entitle plaintiff to a new trial.

For all of the foregoing reasons, we affirm the order granting plaintiff a new trial.

Affirmed.

CERDA, P.J., and WHITE, J., concur.