**Elizabeth Edwards and James Edwards, Appellants, v. Jay Morse Ely, Appellee.**

**Gen. No. 41,835.**

Opinion filed March 2, 1943.

WINSTON, STRAWN & SHAW, of Chicago, for appellants; GEORGE B. CHRISTENSEN and DOUGLAS C. MOIR, both of Chicago, of counsel.

STANLEY L. SHETLER, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is a tort action brought by plaintiffs Elizabeth Edwards and James Edwards, against defendant, Jay Morse Ely, for personal injuries alleged to have been sustained by Elizabeth Edwards and for property

damages alleged to have been sustained by James Edwards when the defendant ran his automobile into plaintiffs' car while the latter was standing still, waiting for a traffic light to change. The jury returned a verdict of not guilty upon which judgment was entered in favor of defendant and against plaintiffs. Plaintiffs appeal.

During the course of the trial defendant admitted his liability and the cause proceeded with the introduction of evidence pertaining to the injuries claimed to have been sustained by plaintiffs, the most serious injury claimed being that Elizabeth Edwards suffered a miscarriage as the result of the accident.

Plaintiffs contend that "the defendant having admitted liability on the trial and questioning only the extent of the damages, it was erroneous for the court, by instructions and forms of verdict, to permit the jury to return a 'Not Guilty' verdict."

Defendant's theory as stated in his brief is that "the defendant in this case frankly took the position before the jury, as we do here, that the occurrence in question was the fault of the defendant but claimed that the plaintiffs were not injured or damaged in person or property. Further, that this action brought by the plaintiffs was based on simple negligence and that no damages were presumed but it was incumbent upon the plaintiffs to establish by a preponderance of the evidence that they were not only injured and damaged but that such injuries and damages were proximately caused by the defendant's negligence."

Thus plaintiffs' position is that defendant, having admitted his liability, their cause of action was established; and that the only issue left in the case was the extent of their damages and that they were entitled in any event to an award of nominal damages. Defendant's position is that proof of damages was an essential element of plaintiffs' case and that plaintiffs having failed to prove any actual damages the trial court

properly submitted to the jury the instructions and forms of verdict complained of. In other words defendant insists that, even though he did admit liability, he was still entitled to a verdict of ''not guilty,'' since plaintiffs failed to prove that they suffered any actual damages.

Notwithstanding that defendant's liability was admitted, the trial judge gave the jury at defendant's request an instruction on the question of damages which concluded as follows:

''The jury are not to understand from this instruction that the court intends to intimate that the plaintiffs have or had such ailment or damages as is claimed *or that the defendant is or is not in any manner liable,* or to intimate any opinion upon that or any other question of fact in this case.'' (Italics ours.)

This instruction was also given to the jury at defendant's request:

''The court instructs the jury that the fact that the court has given you instructions on the subject of plaintiffs' damages, if any, or that defendant's counsel has discussed such subject is not to be taken by you as any intimation on the part of the court, *or any admission on the part of the defendant that the defendant is liable* for the loss or damage complained of by the plaintiffs.'' (Italics ours.)

These instructions were clearly erroneous since they in effect submitted to the jury the issue of defendant's liability, when he had already admitted same. At the conclusion of the trial there was no issue left for submission to the jury except the extent of plaintiffs' damages.

Plaintiffs also claim that the following forms of verdict were erroneously submitted to the jury:

''We, the jury, find the defendant not guilty as to the plaintiff, Elizabeth Edwards.''

"We, the jury, find the defendant not guilty as to the plaintiff, James Edwards."

"We, the jury, find the defendant not guilty."

The court erred in submitting these forms of verdict to the jury since liability was admitted and plaintiffs were entitled to at least nominal damages for the invasion of their rights. In addition, although the jury resolved Elizabeth Edward's claim that her miscarriage resulted from the accident involved herein against her, there is undisputed evidence in the record that she suffered at least slight injuries that entitled her to the allowance of some damages.

It is of course true that damages, beyond nominal damages, cannot be presumed but must be proved. We think it is also true that proof of actual damages was not essential to maintain the cause of action in the instant case. In defining the elements of a cause of action for negligence it is said in the Restatement of the Law of Torts:

"Sec. 281. Statement of the Elements of a cause of Action for Negligence.

"The actor is liable for an invasion of an interest of another, if:

"(a) the interest invaded is protected against unintentional invasion, and

"(b) the conduct of the actor is negligent with respect to such interest or any other similar interest of the other which is protected against unintentional invasion, and

"(c) the actor's conduct is a legal cause of the invasion, and

"(d) the other has not so conducted himself as to disable himself from bringing an action for such invasion." (Restatement, Torts, vol. 2, p. 734.)

It will be noted that the foregoing definition does not include proof of actual damages as a necessary element in a cause of action for negligence. Apply-

ing this definition to the situation presented here it will be seen that plaintiffs had a legal right to be secure in their persons and property against invasion by the defendant. Defendant admits that he negligently drove his automobile in such a manner that it bumped into the rear of plaintiffs' car and it is uncontradicted that Elizabeth Edwards was knocked from the seat thereof to the floor. His negligent conduct in this regard constituted an invasion of plaintiffs' rights, there being not even a suggestion that either of the plaintiffs was guilty of contributory negligence.

There is some diversity of opinion and apparent confusion in the numerous authorities cited on the question as to whether, liability having been admitted by a defendant in an action for negligence, it is also necessary for the plaintiff therein to prove that he suffered actual damages before he is entitled to a verdict in his favor. We think that such diversity of opinion and confusion results primarily from the use of the word damage not in the sense of legal compensation but rather as synonymous with the term *legal injury*. In our opinion the true rule applicable to the question as to whether plaintiffs in this case were entitled to recover at least nominal damages, even in the absence of proof of actual damages, is stated as follows in 1 C. J. S., p. 986:

"While it has been expressly stated that damage is not of itself a cause of action, there are decisions to the effect that the damage sustained is an essential element, in connection with the delict, of the cause of action; but, as stated hereafter in Sec. 15, unless the word 'damage' is used in the sense of 'injury,' which is technically inaccurate, this is not in accordance with the general rule that every injury, that is, *every violation of a legal right, imports damage and authorizes the maintenance of an action and the recovery of at least nominal damages, regardless of whether any actual damage has been sustained*. It has accordingly been

held that the cause of action is, as stated above in Sec. 1d (6), the breach of duty, and not the consequential damages resulting therefrom." (Italics ours.)

In support of his position that proof of actual damages is an essential element in a cause of action for negligence and that, even though liability is admitted, a defendant is entitled to a verdict of "not guilty" in the absence of proof of actual damages, defendant cites *McClure v. Hoopeston Gas & Electric Co.*, 303 Ill. 89, and quotes therefrom as follows at page 96:

"This court has stated, in harmony with the authorities on the question, that 'the essential elements of a cause of action for negligence are: (1) The existence of a duty on the part of the person charged to protect the complaining party from the injury received; (2) a failure to perform that duty; and (3) an injury resulting from such failure.' "

It will be noted that the Supreme Court indicated that the third element of the cause of action was "an injury resulting from such failure" and not proof of damages. We think that the words "an injury" were not intended to mean physical injury but rather a legal injury, *viz*: an invasion of a right. Defendant also cites *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270, to sustain his position. This case in defining the three essential elements in actionable negligence used almost the identical language that was used by the court in the *McClure* case. As to the third essential element of such a cause of action it used the words "consequent injury." What we have heretofore said in relation to the *McClure* case is equally applicable to the *Oswald* case.

In *Covenant Club of Chicago v. Thompson*, 247 Ill. App. 122, where an action of trespass on the case was brought against certain defendants for negligently allowing a flow of seepage and water onto another's land and the jury was instructed to find for the de-

fendants because damages had not been specially proved in an exact amount, this court in reversing and remanding the cause said at page 127:

"It is a sufficient answer to this contention to say that in any event if the plaintiff made out a prima facie case of negligence against the defendant John R. Thompson it would have been entitled to nominal damages as to him."

The result of the trial of this case is obviously inequitable. Although defendant was admittedly liable and guilty of an invasion of plaintiffs' right to be secure in their persons and property, there has been inflicted upon them a judgment to pay the costs of this suit. On principal and authority we are impelled to hold that plaintiffs were entitled to verdicts and judgments in their favor for at least nominal damages.

In the event that this case is retried and defendant again admits liability, no instruction should be submitted to the jury that carries a suggestion that it is within the province of the jury to even consider the question of liability and no forms of verdict should be submitted except those whereby defendant must be found guilty, leaving to the jury only the issue as to the extent of plaintiffs' damages, which in any event must be at least nominal damages.

For the reasons stated herein the judgment of the superior court is reversed and remanded.

*Reversed and remanded.*

FRIEND and SCANLAN, JJ., concur.