**Martin Kelly, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.**

**Gen. No. 50,224.**

First District, First Division.

February 18, 1966.

· Meyer Miller, of Chicago, for appellant.

William J. Lynch, William S. Allen, Jerome F. Dixon and C. Vernon Thompson, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an action for personal injuries and loss of earnings which plaintiff allegedly suffered as a result of an accident involving the Chicago Transit Authority bus in which he was riding on April 22, 1957. Plaintiff moved for a directed verdict at the close of all the evidence, but his proffered instruction to this effect was refused. The jury returned a verdict in favor of the defendant, and plaintiff has brought this appeal, contending that his motion for a directed verdict should have been granted, or in the alternative that he is entitled to a new trial because the misconduct of counsel and erroneous rulings by the trial court deprived him of a fair trial.

In support of his motion for a directed verdict, plaintiff argues that no reasonable mind could disagree that defendant's driver was negligent; and that this fact, coupled with the absence of any evidence tending to establish that the plaintiff was guilty of contributory negligence, and the existence of evidence that plaintiff was in the exercise of due care and caution for his own safety, required the court to grant the motion for a directed verdict as to the issue of liability.

 If plaintiff, at the close of all the evidence moves for a directed verdict, the trial court must consider all of the evidence in its aspect most favorable to the defendant, together with all reasonable inferences to be drawn therefrom, and if when so considered, there is any evidence standing alone and considered to be true, together with the inferences that may legitimately be drawn therefrom which fairly tends to support the defendant's defense, the court should not direct a verdict in favor of the plaintiff. Johnson v. Skau, 33 Ill App2d 280,

284, 179 NE2d 40. We have examined the record care- fully, and conclude that the trial court was correct in not taking the question of liability from the jury, in that there were questions of fact for determination by the jury.

Plaintiff contends that counsel for the bus company deprived him of a fair trial by injecting into the case the issue of whether or not plaintiff was in fact a pas- senger on the bus, whereas that fact must be deemed admitted by the defendant by its failure to deny it in the answer.

Paragraph 2 of the complaint specifically alleges that plaintiff was a fare paying passenger on the bus in ques- tion on April 22, 1957. Defendant's answer denied that plaintiff was in the exercise of due care and caution for his own safety; denied each and every allegation of para- graphs 4 and 5 of the complaint (not here material); ad- mitted service of notice of plaintiff's claim; denied that the collision in question or any injuries of the plaintiff were due to the negligence of a CTA employee; and denied that the plaintiff was injured or damaged in the manner, to the extent, or in the amount alleged. Nowhere in the answer, however, did defendant deny plaintiff's specific allegation that he was a passenger on the bus.

■ Section 40 of the Civil Practice Act (Ill Rev Stats c 110, § 40 (1963)) provides as follows:

§ 40. Pleadings to be specific. (1) General issues shall not be employed. Every answer and subse- quent pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates.

(2) Every allegation, except allegations of damages, not explicitly denied, is admitted, unless the party states in his pleading that he has no knowledge thereof sufficient to form a belief, and attaches an

affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny.

(3) Denials must not be evasive, but must fairly answer the substance of the allegation denied. . . .

It is clear that, in this case, the fact that plaintiff was a passenger on the bus must be deemed admitted by the defendant, and plaintiff's counsel had a right to consider this not to be an issue in the case. It was therefore highly improper for counsel for the CTA to remark to the jury, in his closing argument, "But now let me tell you something, and I may be a little harsh in my statement here. I don't believe this man Kelly was ever on that bus." The objection by plaintiff's counsel was erroneously overruled, and counsel for the CTA made other remarks along this line. In closing argument by plaintiff's counsel, this error was compounded when the following colloquy occurred in the presence of the jury:

> Mr. Cronin [plaintiff's counsel]: Ladies and gentlemen, I am sorry I irritate counsel by coming in this courtroom. But there is one thing that irritates him more. That is part of the record that states the CTA filed an answer in this case many years ago by its then attorney, and admitted that Kelly was on the bus. Now counsel would have you believe that he wasn't there. You notice it is admitted by counsel when we made opening remarks to you yesterday. He said, I believe, that—
>
> Mr. Thompson [counsel for defendant]: If your Honor please, I don't wish to interrupt—
>
> Mr. Cronin: Then don't.
> Mr. Thompson: Now I will—
> Mr. Cronin: Don't bark at me.
> Mr. Thompson: —unfitting to the jury—

| | |
|---|---|
| The Court: | The Court will look at the pleadings. |
| Mr. Thompson: | Did we admit that he was a passenger on our bus? |
| The Court: | Just a minute, now, gentlemen. One denies at the time and place in question—the plaintiff was—Paragraph No. 4 and the subparagraph thereof —admits to service—denies the collision in question and any injuries. I see no admission— |
| Mr. Cronin: | Notice now Paragraph 2 of the claim. It is not answered. |
| The Court: | Now, gentlemen, I see— |
| Mr. Cronin: | There is a rule in pleadings, if it is not denied— |
| Mr. Thompson: | It is improper to argue— |
| The Court: | That is correct. It is improper to argue pleadings. There is no direct denial. Let's get that much straight, as I— |
| Mr. Cronin: | There is no denial that Mr. Kelly was on the bus. |
| The Court: | There is no admission— |
| Mr. Cronin: | —and no denial either. |
| The Court: | Let's leave it at that. No admission and no denial. |

■■ We are of the opinion that counsel and the trial court improperly left the jury with the erroneous impression that the issue of whether or not plaintiff was on the bus was for their consideration. We must conclude that this error, to which plaintiff's counsel duly objected, was so prejudicial as to deny plaintiff a fair trial.

Plaintiff also charges that the offer by counsel for the CTA to introduce a police report of the accident as his own exhibit was improper and prejudicial. The record

reveals the following discussion during the cross-examination of the bus driver:

Q. Now, how many people were transported from the scene by ambulance or police vehicle?
A. One.
Q. And what was the name of that person?
A. I do not know.
Q. Do you know what kind of ambulance came to the scene?
A. Fire Department Ambulance.
Q. Was that Fire Department Ambulance No. 8?
Mr. Thompson: I think possibly I can shorten this somewhat if your Honor pleases.
Mr. Cronin: Thank you, but counsel, let me conduct—
The Court: I can't hear both.
Mr. Thompson: I have objected to the police report going into evidence in this particular case and indicate for the record. If he wishes to have the witness use the police report, I have no objection to his using it and it may be offered, I'll make it my exhibit.

Mr. Cronin: The police report is not offered and may I proceed without counsel interrupting.
The Court: All right. Proceed.

██ The police report of the accident was clearly inadmissible, and the conduct of counsel in offering such reports into evidence has been repeatedly condemned. Smith v. Johnson, 2 Ill App2d 315, 120 NE2d 58; Paliokaitis v. Checker Taxi Co., 324 Ill App 21, 57 NE2d 216. Defendant's counsel improperly made it appear to the jury that plaintiff was keeping the police report from their consideration, thereby putting plaintiff's counsel in

an unfair position before the jury. Such conduct by counsel is wholly indefensible and in our judgment was prejudicial to the plaintiff.

■ The defendant argues that plaintiff's failure to make a formal objection to the comment about the police report or to move for a mistrial waives that issue for purposes of appeal. Under the circumstances of this case, we do not agree. Plaintiff's counsel chose to register his objection to the improper remark by suggesting that he was not offering the police report and that he should be permitted to conduct his own cross-examination of the bus driver, rather than by making a formal objection before the jury. This fact, taken with the highly prejudicial nature of the remark by opposing counsel, is in our view sufficient to preserve this question for purposes of appeal.

Plaintiff has alleged other errors in the conduct of the trial, but because the errors hereinabove discussed necessitate a new trial of this cause those further allegations need not be considered.

The judgment of the Circuit Court is reversed and the cause remanded to proceed with a new trial consistent with this opinion.

Reversed and remanded.

KLUCZYNSKI, P. J. and MURPHY, J., concur.