NORA I. ROBERTSON, Plaintiff-Appellant, *v.* JOHN D. SMITH, Defendant-Appellee.

Fourth District   No. 12807

Opinion filed July 22, 1976.—Rehearing denied August 17, 1976.

Harold A. Baker and Arthur D. Nicol, both of Hatch, Corazza, Baker & Jensen, of Champaign, for appellant.

Vance I. Kepley, of Reno, O'Byrne & Kepley, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff Nora Robertson was involved in two automobile accidents. On July 24, 1970, the car in which she was a passenger was run off Route 45 and sideswiped by an oncoming car in Champaign County. Four days later, she was involved in a rear end collision. This suit involves the first accident.

Paragraph 7 of defendant's answer to the plaintiff's amended complaint denied that plaintiff sustained the injuries alleged in paragraph 7 of the amended complaint. Outside the presence of the jurors, and prior to opening statements being made, defendant's counsel stated to the trial judge, "Defendant admits liability." In response to the judge's inquiry, "Did you file an answer to that effect?" Counsel replied, "I haven't, no, but you can put it in the record." Plaintiff's counsel stated, "I accept the statement that they admit liability." The judge then stated, "Let the record show in this case * * * , the defendant's attorney admits liability, and states he desires then to contest only the amount of damages. And that this may stand in lieu of a pleading. Is that agreeable?" Plaintiff's counsel stated, "Yes, it may stand in lieu of a pleading."

Prior to commencing of voir dire examination the trial judge stated to the jurors, "Liability is admitted. Only the amount of damages is contested in this case."

In his opening statement plaintiff's counsel stated, without objection, "* * * the facts of this case are really quite simple * * * as * * * explained to you the only issue for you to determine in the case is the damages. That's the amount of damages owing to the plaintiff as a result of this occurrence. And you'll have no occasion to consider the question of the liability of the defendant to the plaintiff."

Defendant's counsel, in his opening statement, stated "* * * I'll be very brief. We admit the liability in this case. We have a serious problem *with the extent* of the injuries claimed arising out of this occurrence on July 24, 1970. Mr. Baker has stated the facts of the case fairly well, except I disagree with some of his statements *with respect to the injuries occurring in this accident.* * * * I believe our evidence will show that there is no connection between this accident and *the extent* of her injuries she has today." (Emphasis supplied.)

The jury returned a verdict of no damages.

At the time of both accidents, plaintiff was attempting to enjoy a vacation trip to the Smokies with her husband and his son. She testified that when defendant's car struck the one in which she was riding, she went forward and twisted, her legs went numb, and she experienced pain in her back. She and her husband both stated that he helped her from the

car. As she stood at the scene, the pain and numbness subsided. Defendant said he asked if everyone was all right and thought plaintiff said yes. Neither he nor the trooper who made out the accident report noticed anything unusual about Mrs. Robertson although her husband said she was walking around like an "old grandma." The Robertsons returned to their home in Dwight but started out again for the Smokies three days later because they were entitled to just one vacation a year and wanted to make the most of it. Plaintiff did not see a doctor in the interim but said she treated herself for the pain which she continued to experience. During the second collision, plaintiff said, she again experienced the same pain, but she was not thrown forward or twisted. Her husband corroborated her testimony that the impact in the second collision was not great. No one introduced any other evidence on the matter.

The Robertsons returned to Dwight immediately after the second accident. Plaintiff experienced increasing difficulty with her back and legs. After about two weeks she sought professional medical assistance. For several months she went from doctor to doctor until, finally, she found one who properly diagnosed her problem and operated on her back. At trial, plaintiff said the injuries made it difficult or impossible to push objects, do housework, or baby sit and that she could not remain employed due to the auto injury and an unrelated heart problem. Her doctor testified that complete recovery was a matter of doubt. He also said that back injuries of the type she received typically cause sporadic pain and numbness which could flare up momentarily or for a longer period of time and then completely subside for weeks. This characterization of the effects of the injury could explain why no one observed anything unusual about plaintiff immediately after the accident and why she did not ask the trooper for medical assistance.

Citing these facts, plaintiff argues that the jury verdict was against the manifest weight of the evidence. We have no difficulty in agreeing that the plaintiff sustained serious physical injuries, but that is not at issue here. The question is whether she was harmed in the accident with defendant Smith. The trooper was on the scene for an hour and observed nothing unusual about Mrs. Robertson. She complained to no one, not even her husband, who said he was more concerned about the condition of his car than that of his wife. Her doctor testified she had said her injuries seemed to stem from an accident on July 29. This was the day after the second accident. Moreover, the report of one of her physicians stated her chief complaint was rectal bleeding, a symptom which did not manifest itself until after the second accident, though she also complained to him of low back pain. We agree that the fact issue here of whether plaintiff sustained physical injury in the collision with defendant is a close question; but, on

the balance, deference must be given to the opinion of the jury. They are the sole judges of the credibility of witnesses and the weight to be given their testimony (*Jeffrey v. Chicago Transit Authority*, 37 Ill. App. 2d 327, 185 N.E.2d 384); and we will not reverse their finding for inadequacy of the award unless it is against the manifest weight of the evidence (*Mount v. McClellan*, 91 Ill. App. 2d 1, 234 N.E.2d 329). The jury's verdict was not against the manifest weight of the evidence.

■■ Plaintiff contends that the verdict of no damages cannot stand because defendant admitted liability at the outset of the trial. She argues that defendant, by admitting liability, admitted proximate cause and injury because these are elements of negligence liability, and consequently some award, even if nominal, had to be given. We disagree. Plaintiff's theory finds support in *Edwards v. Ely*, 317 Ill. App. 599, 47 N.E.2d 344, in which the court addressed itself to an issue identical to the one argued here. Defendant had admitted liability and disputed only the extent of damages. The jury awarded no damages. In that case the court made the useful distinction between legal injury, the invasion of a right, and physical injury. It then went on to hold that at least nominal damages must be awarded even though defendant's admission of liability was the only proof of legal injury. In *Jeffery v. Chicago Transit Authority*, the court re-examined *Edwards* in the light of trespass and case, the theories which spawned the negligence action and its rules for Illinois, and specifically held that even if a defendant's liability is established, a plaintiff must prove actual damages before he can recover.

■■ Applying this rule to the facts of this case, we hold that by his admission of liability defendant admitted that the accident resulted from his negligent operation of his vehicle, and that plaintiff was free from contributory negligence. The mere fact that the accident occurred as a result of defendant's negligence does not, in any way, establish that plaintiff sustained physical injuries. While plaintiff was relieved, under defendant's admission of liability, from proving defendant's negligence and her freedom from contributory negligence, she was required to establish damages occasioned by physical injury. The jury found that she had failed to do so, and having so found, the award of no damages was appropriate. We also note that the trial judge gave the only instruction tendered by plaintiff. That instruction was IPI Civil No. 30.01 (2d ed. 1971) modified to the extent that the jury was told that "You must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following elements of damage proved by the evidence." This opening paragraph was followed by the elements of damage plaintiff had sought to prove, and concluded with the admonition "Whether any of these elements of damages has been proved by the

evidence is for you to decide." The last line of this instruction explicitly told the jury that it was required to determine whether or not plaintiff had sustained damages, and there is nothing in the record which remotely suggests that the jury could have misapprehended the import of the instruction.

Plaintiff's final arguments arise as a result of a confusion between the element of proximate cause and that of damage which she felt arose during closing arguments and prejudiced her case. Defense counsel made these remarks:

"I want to point out to you at the outset that when we talk about the amount of damages this means that the amount of damages can be zero. We have admitted liability. But we deny that there were any injuries sustained in this accident. Therefore you as the jury decide that question, was there injuries received in this accident. Because you have that problem, you see, of looking to a second accident that happened four days later. You are faced with that problem. So when you are asked to fix the amount of compensation you can say the amount is zero, because she received no injuries in this accident with which we are involved. But you of course can disagree with what I have just said, if you find that there is some damage, that there is some injury in this accident."

He later stated:

"Closing now I reitterate [sic], you, the jury, must decide whether or not Mrs. Robertson was injured in this accident. If you decide she was you must decide the extent of the injury. Was it all of this, part of it, or none of it? You have that absolute right. We say she was not."

Plaintiff's first argument is that the trial court committed error in allowing defense counsel to state in his closing arguments that defendant took the position that the amount of plaintiff's damages was zero because defendant admitted liability and that admission includes an admission of injury. We reiterate that an admission of liability admits no greater injury than noncompensable legal injury. Defendant was free to argue that no actual physical injury stemming from the defendant's action was proven.

■■ Plaintiff's final argument is that defendant, in saying the jury might award zero damages, was actually indulging in a discussion of proximate cause, an element of negligence which was not in issue up to that time. She feels the court erred in not allowing her counsel to then explain proximate cause in his closing argument or to tender an instruction concerning it. Although, as a theoretical matter, proximate cause and damage are considered separate and distinct elements of a negligence

action, when theory is applied to fact, the elements are often inextricably interwoven. This is especially true when a plaintiff has been involved in several accidents and the jury must determine the damage arising from just one of them. In such a case, one must indulge in a fiction to argue that proximate cause is not at issue, even if defendant has admitted liability. When more than one accident has occurred, a defendant's admission of liability for one of them is simply that the accident was a result of his negligent conduct. Standing alone, that admission does not concede that *any* damages resulted from the event. Thus, proximate cause was an issue in this case in determining whether plaintiff sustained actual physical injury in the collision with Smith. Both parties in this case were aware of this or they would not have introduced evidence concerning the collision that occurred on July 28.

■■ Because proximate cause as to physical injury was implicitly at issue and was implicit in defendant's closing argument on damages, the court would not have acted improperly in allowing plaintiff's counsel to comment on that element of negligence or in allowing an instruction on it. Plaintiff, however, argues that the failure to allow the argument or the instruction was reversible·error. To support her contention regarding the closing argument, she cites *Kelly v. Chicago Transit Authority*, 69 Ill. App. 2d 316, 217 N.E.2d 560. In that case the defendant bus company had admitted in its pleading that plaintiff had been a passenger at the time of the accident that precipitated the litigation. During closing arguments, however, defense counsel remarked that he did not think plaintiff was ever on the bus. The court overruled an objection to the comment. The appellate court reversed because the comment improperly left the jury with the erroneous impression that the issue of whether or not plaintiff was on the bus was for their consideration. In this case, however, the jury was left with no erroneous impression by the court's refusal to let plaintiff's counsel explain proximate cause. They had heard defense counsel argue the accident had caused no damage. They had heard plaintiff's counsel argue the accident caused $37,000 damage. Both attorneys stated the award might lie between the two figures and that it was for the jury to decide how much damage the accident had caused. The jury needed no special explanation of proximate cause, and we fail to see how such an explanation could have helped plaintiff in any way.

Plaintiff also argues that the trial court erred in refusing an instruction on proximate cause after defense counsel's closing arguments. Section 67(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 67(3)) states that:

> "If as a result of the arguments to the jury the court determines that additional instructions are desirable, he may after a further conference with counsel approve additional instructions."

However, we cannot say the jury was confused as to what issues it could properly consider and how they should resolve them. Accordingly, we affirm the judgment.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.