VERNIS ELBERTS, Plaintiff-Appellant, *v.* NUSSBAUM TRUCKING, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-1031

Opinion filed June 12, 1981.

John Bernard Cashion, of Chicago, for appellant.

The Law Offices of Thomas J. Keevers, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from a judgment entered on a verdict awarding damages of $2,000 for personal injuries, plaintiff seeks a new trial as to the

issue of damages only—contending that the award was palpably inadequate.

Plaintiff testified that in a collision between the automobile she was driving and defendants' semi-trailer truck, her chest hit the steering wheel and her head struck the roof of her car; that she was taken to a hospital where she complained of pain in her neck and back; that X rays were taken, and during her 12 days in the hospital she was given traction and daily physical therapy for her neck and back; that on at least one occasion she was given a spinal injection of medication for pain; that when she left the hospital, she wore a prescribed back brace and a neck collar; that she wore both during the daytime for about a year, and at the time of trial still wore the neck collar off and on; that after leaving the hospital, she received traction for her neck and massage for her back as an outpatient for about a month; that she still has pain and has taken prescribed muscle relaxant medication up to the time of trial; that she was not able to do housework for 4 or 5 months after the accident; that although she had been employed as a nurse's aid for 3½ years, she was not working at the time of the accident but was receiving unemployment compensation in the amount of $166 every two weeks; that she initially said this compensation was discontinued for 4 or 5 months because she was unable to work due to the injuries from the accident but later said she did not know how long it was; and that at the time of trial she had been working for three years at a plant where she sits at a machine but does no lifting.

Introduced in evidence without objection were paid bills of $166 from the attending physician, $155 for a back brace, and $19.93 for prescriptions. An objection to a paid hospital bill for $1,496.45 was sustained.

Plaintiff's adult daughter in pertinent part testified to the traction received by plaintiff in the hospital, to the wearing by her of the back brace and neck collar after she left the hospital, and to doing plaintiff's housework for about a year after she left the hospital.

The deposition of plaintiff's attending physician was read in evidence. He stated that when he first saw her at the hospital she complained of neck and back pain; that he found tenderness in those parts of her body and a mild straightening of the lordotic curve, which was a temporary condition; that she tested negative for neurological damage; that while initial X rays were negative, an X ray taken three weeks later showed a narrowing of the C-5 C-6 vertebral interspace; that while this narrowing could have been a cause of her pain, it also could have existed without pain; that he could not testify as to when the narrowing occurred; that her condition upon release from the hospital on September 27 required physical therapy and the wearing of a back brace and neck collar, and his prescribing a muscle relaxant for her; and that the only time he saw her

for treatment after she left the hospital was on October 7, at which time she was wearing the neck collar.

Opinion

Plaintiff first contends that the evidence as to her injuries and the medical treatment therefor was substantially uncontradicted and thus that the award of damages, which did not meet the medical expenses and loss of income sustained, was palpably inadequate. We disagree.

While the question as to damages is ordinarily for the trier of fact (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237), as stated in *Robin v. Miller* (1978), 67 Ill. App. 3d 656, 661, 384 N.E.2d 889, 893:

"The mere fact that the verdict is less than the claimed special damages does not necessarily mean that the award is inadequate even where the defendant has offered no contradictory evidence; the jury is free to determine the credibility of witnesses and to assess the weight to be accorded their testimony."

It was further explained in *Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 460-61, 219 N.E.2d 94, 96:

"The mathematical computation of bills received and the alleged loss of earnings represent only a part of the total evidence. * * *

There are other evidentiary matters to be considered. The testimony surrounding the claimed injuries may have been impeached or it may be contradictory or unreliable. There may be evidence which carries an implication that the injuries have been exaggerated or even feigned or that the medical treatment was either unnecessary or prolonged. There may be evidence which makes doubtful the necessity of the time alleged to have been missed from work. All of these and like factors must be weighed. And if there appears to be evidence suggesting a genuine conflict as to the legitimacy of the expenses incurred, then the verdict of the jury should not be disturbed on review."

■█ In the instant case, contrary to the assertion of plaintiff, the special damages proved were substantially less than the verdict. Paid bills from the doctor for a back brace and prescriptions totalling $340.93 were received in evidence. There was, however, no specific proof as to the amount of unemployment compensation lost by plaintiff. She testified on direct examination that it was "maybe 4, 5 months," but on cross-examination answered that she did not know the period of her loss.[1] Concerning her injuries, we note that she complained to her doctor upon her arrival at the hospital of pain in her neck and back, and he found

---

[1] In answers to interrogatories, she stated her loss was from September 15, 1975, to November 12, 1975, but she gave no such testimony at trial.

tenderness in those areas with a mild straightening of the lordotic curve, which he said was only a temporary condition; that the original X rays were negative, but three weeks later an X ray showed a narrowing of the C-5 C-6 vertebral interspace; that her doctor stated that he could not say when that narrowing occurred, and he gave no opinion as to whether it was in any manner related to the accident in question; that plaintiff testified she wore prescribed back and neck braces for about a year and still wore the neck brace occasionally at trial; that her doctor gave no testimony as to any injury to her back other than the tenderness found at the time of the first examination; and that plaintiff testified that she saw her doctor for treatment on only one occasion after leaving the hospital. Thus, there appears to be a genuine conflict not only as to the nature and extent of the injuries but also as to whether the braces were required because of any injuries received in the accident. In view thereof and because only $340.93 was established as special damages, with the record containing no proof of any specific amount of lost unemployment compensation, we cannot say that the award of damages was palpably inadequate.

■■ Plaintiff also asserts that a number of trial errors unfavorably influenced the amount of the verdict. She initially argues that the trial court erred in denying her motion in limine to exclude reference to a prior injury. Evidence of a prior injury is admissible where causal relationship between the injuries is shown (*Scheck v. Evanston Cab Co.* (1968), 93 Ill. App. 2d 220, 236 N.E.2d 258; *Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 173 N.E.2d 209, *rev'd on other grounds* (1962), 24 Ill. 2d 390, 182 N.E.2d 206) or when it involves the same area of the body (*Palsir v. McCorkle* (1966), 70 Ill. App. 2d 425, 216 N.E.2d 682). In the instant case, plaintiff moved in limine to exclude any evidence of an injury 1½ years prior, and during the hearing on the motion plaintiff's counsel, in response to a direct question by the court, answered that the prior injury "was in the same area of the back." In view thereof, the trial court properly denied the motion in limine to exclude evidence as to the prior injury.

She also argues, however, that the trial court improperly refused the admission of her paid hospital bill in the amount of $1,496.45. "The prevailing rule is that a hospital or doctor's bill is prima facie reasonable and a proper foundation is laid when plaintiff testifies that the bill was for services rendered to her and that the bill has been paid regardless of who paid it." (*Flynn v. Cusentino* (1978), 59 Ill. App. 3d 262, 266, 375 N.E.2d 433, 436.) The record discloses an offer of proof by plaintiff as to the hospital bill[2] in which she testified that it was paid, but that she did not know who had paid it. Although there was no further testimony or other

_____

[2] There is no indication in the record of a prior refusal by the court to admit the paid hospital bill.

evidence offered by either party concerning the bill, the trial court refused the admission on the basis of *Garcia v. Chicago & North Western Ry. Co.* (1979), 79 Ill. App. 3d 757, 398 N.E.2d 1029, and *Rogers v. Chicago & North Western Transportation Co.* (1978), 59 Ill. App. 3d 911, 375 N.E.2d 952.

■■ In their brief here, defendants cite these same cases in support of the trial court's ruling. Defendants in both established through documents that their insurers had paid the medical expenses of plaintiffs; that the policy premiums were paid by defendants; and that the benefits were not to be considered as a wage equivalent. In each case, the trial court allowed the admission of testimony concerning the medical expenses on the basis that they came within the collateral source rule under which they were recoverable by plaintiff, irrespective of the source of payment. (*Mineiko v. Rizzuto* (1965), 65 Ill. App. 2d 35, 212 N.E.2d 712.) This court reversed those rulings in both cases, holding that under the circumstances in those cases the testimony as to the medical expenses should have been refused because, from the evidence presented by defendants, they were not payments from a collateral source and should not have been included in the special damages submitted as it would result in a double recovery from defendants. In the instant case, however, there is no evidence that the bill was paid by or on behalf of defendant[3] and, thus, plaintiff's prima facie showing not having been overcome by any showing to the contrary, we find that the trial court erred in refusing to admit the paid hospital bill.

■■ Although there was a conflict as to the nature and extent of plaintiff's injuries, it does appear from her hospitalization and her testimony, as well as that of her doctor and her daughter, that she did suffer some injury in the accident and, while the verdict was not palpably inadequate on the record presented, we believe that the refusal to permit the jury to consider the hospital bill resulted in a verdict that was inadequate—which requires a new trial.

We turn then to the request of plaintiff that the retrial should be on the issue of damages only. As was stated in *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 46, 139 N.E.2d 275, 286:

> "[E]ither a trial or an appellate court may set aside an inadequate verdict and order a new trial solely on the issue of damages in a proper case, that is, in a case where the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice. * * *
>
> * * * [A] court is not justified in ordering a new trial on the issue of damages alone where it appears that the damages awarded by

---

[3] In the statement of the court following the offer of proof, it is indicated that the court may have been informed by defendants' counsel that the bill had been paid by their insurance carrier, but the record discloses no testimonial or documentary evidence in that regard.

the jury were the result of a compromise on the question of liability."

■■ In the instant case, the driver of the truck testified that he had stopped his loaded semi-trailer for a stop sign at Route 52 facing east on A. O. Smith Road and, when he started up, the only vehicle he could see to the north was a motor home whose right turn signal was on; that he started into the intersection, and the front of his truck had reached the center of Route 52 when plaintiff's car struck the fuel tank on the left side of his cab; and that he saw the car only a split second before the impact, having been attracted to it at that time by the screech of brakes. Plaintiff testified that she was a block away when she saw the stopped truck and, when she approached the intersection, she was in the inner of the two southbound lanes—having just passed a right turning vehicle; that she then saw the truck "just across one lane"; that when her car struck the truck "he was across both lanes"; and that she had slammed on the brakes and swerved to the right but that the left side of her car came in contact with the truck. On this factual picture, we cannot say that the damage issue is so separable and distinct from the issue of liability that a trial of it alone may be had without injustice. See *Paul Harris Furniture Co. v. Morse.*

For the reasons stated, the judgment appealed from is reversed and remanded for a new trial.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.